## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT



Filed & Entered
On Docket
December 13, 2007

In re:

    **Charles Vartanian,**                               **Chapter 7 Case**
            **Debtor.**                                   **# 07-10790**

### ORDER
### DETERMINING NOT TO APPOINT A PATIENT CARE OMBUDSMAN
### PURSUANT TO 11 U.S.C. § 333

The Debtor filed the instant chapter 7 case, *pro se*, on November 26, 2007. On Schedule I, the Debtor described his occupation as "Chiropractor (sole proprietorship)," and on page 1 of the petition, the Debtor checked the boxes identifying himself as an "Individual" debtor and the nature of his business as "Health Care Business." Pursuant to the amendments added by the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"),

> If the debtor in a case under chapter 7, 9, or 11 is a health care business, the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business, unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case.

11 U.S.C. § 333(a)(1). The Court issued an Order directing the Debtor to show cause why a patient care ombudsman should not be appointed, and directing the Debtor, the case trustee, and the Office of U.S. Trustee to appear at an evidentiary hearing on December 11, 2007, to address whether the specific facts of this case warranted the appointment of an ombudsman to monitor the quality of patient care and represent the interests of the Debtor's patients pursuant to § 333.

The Debtor testified at the hearing, responding to questions posed by the Assistant U.S. Trustee and the Court. The Debtor expressed skepticism about whether his business actually qualified as a "health care business" under 11 U.S.C. §101(27A)(A) and (B), and admitted that he checked the box on the form without fully understanding its implications. The Assistant U.S. Trustee opined that whether or not the Debtor qualified as a health care business, his due diligence indicated that, under the totality of circumstances, a patient care ombudsman was not necessary in this case. The Debtor's testimony, in response to the Assistant U.S. Trustee's questions, focused on the factors set forth on the non-exclusive list used by the court in In re Alternate Family Care 377 B.R. 754, 758 (Bankr.S.D.Fla.,2007) to evaluate whether an ombudsman should be appointed under a totality of the circumstances approach:

    (1)    the cause of the bankruptcy;

(2) the presence and role of licensing or supervising entities;

(3) the debtor's past history of patient care;

(4) the ability of the patients to protect their rights;

(5) the level of dependency of the patients on the facility;

(6) the likelihood of tension between the interests of the patients and the debtor;

(7) the potential injury to the patients if the debtor drastically reduced its level of patient care;

(8) the presence and sufficiency of internal safeguards to ensure appropriate level of care;

(9) the impact of the cost of an ombudsman on the likelihood of a successful reorganization.

At the conclusion of the Debtor's testimony, the Assistant U.S. Trustee argued that, based upon his conversations with the Debtor, his review of the Debtor's schedules, the testimony elicited at this evidentiary hearing, and his due diligence with respect to public records available about the Debtor and the Debtor's chiropractic business, there was no need for a patient care ombudsman in this case. He also pointed out that there were no funds available in this estate from which to pay an ombudsman. The chapter 7 trustee endorsed the approach taken by the Assistant U.S. Trustee and concurred that the facts of this case did not give rise to the need for a patient care ombudsman.

Based upon this record, the Debtor's testimony, and the language of the pertinent statutes, the Court found that the appointment of a health care ombudsman was not necessary for the protection of the Debtor's patients under the specific facts of this case. The Court further found that it did not need to make a determination about whether the Debtor's chiropractic business constituted a "health care business" as that term is defined in §101(27A) because, even if it was a health care business, based upon the factors identified above, no ombudsman would be required. The Court entered an oral ruling declining to appoint an ombudsman; this Order is entered to set forth the Court's rationale for its findings of fact and conclusions of law set forth on the record at the conclusion of the evidentiary hearing, and to memorialize that oral ruling.

Accordingly, IT IS HEREBY ORDERED that no patient care ombudsman need be appointed in this case to protect the Debtor's patients, to monitor the quality of patient care in the Debtor's office, or to represent the interests of the Debtor's patients.

**SO ORDERED**.

December 12, 2007  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge